action had a contract with the bankrupts, under which there became due to the plaintiffs a large sum of money as their share of the proceeds of certain goods. The bankrupts were under obligations to pay over this certain part of the proceeds on its receipt by them. Instead of doing so, they made false entries in their books, and, by conspiring with other parties, produced false and fictitious contracts with these other parties, and when sued for an accounting under the contract they procured the recovery against themselves of a judgment for a grossly insufficient amount by the use of these false books, fictitious contracts, and perjury upon the trial, and the fraud was not discovered until after the judgment was entered and satisfied of record. The plaintiffs then brought this action for the fraud, conspiracy, and deceit, whereby, without fault on their part, they had been deprived of a judgment for the true amount due, and they claimed damages in the amount in which the recovery on the former action fell short of the true amount due. The court of appeals has decided, and their decision is of course conclusive, that the plaintiffs could recover in that form of action. But it is equally true that it is consistent with their opinion—indeed, it is distinctly affirmed therein—that the plaintiffs had another remedy on the same facts, which was by an equitable suit to have the former judgment set aside, and then to recover the same amount upon a new and correct accounting. It may be that by recovering a judgment in their present action, the first of which is the perpetration of a fraud whereby they were precluded by the former judgment from recovering what was due to them under the contract, they have now cut themselves off from this equitable remedy; but the question is whether at the filing of the petition in bankruptcy the plaintiffs had a provable claim, and I cannot doubt that if they had then presented their claim to this court, as a claim to have the former judgment set aside for the fraud and to recover what was still due under the contract, their claim would have been adjusted under the order of this court and admitted to proof. It would have been regarded as a claim in its essential character growing out of a contract, and a "debt" provable under section 5067. Any other disposition of their claim, if there had been assets to divide, would have justly seemed very oppressive to them. The fact that there are no assets does not, of course, alter the case, though it may have made it more for the interest of the plaintiffs to pursue other remedies; nor does what has happened since the filing of the petition,— the recovery of the same damages in an action sounding in tort,—in my opinion, on the decided cases, so alter the nature of the debt that they are precluded from proving it. The plaintiffs have in fact, since the judgment, proved their debt, which shows that they themselves, or their legal advisers, regard the claim as a provable one. In this, I think, they are right. Stay continued.

[For a hearing on the question of the bankrupts' discharge, see 2 Fed. 643.]

---

VAN BUREN v. The E. M. McCHESNEY.
 See Cases Nos. 4,463 and 4,464.

---

## Case No. 16,834.

### VAN CAMPBUSH v. CRAWFORD.

[The case reported under above title in 6 Alb. Law J. 358, note, and 4 Leg. Op. 453, is the same as Case No. 2,224.]

---

## Case No. 16,835.

### In re VAN CAMPEN.

[2 Ben. 419;[1] 1 Am. Law T. Rep. U. S. Cts. 67; 1 Thomp. Nat. Bank Cas. 185.]

District Court, S. D. New York. May, 1868.

HABEAS CORPUS AND CERTIORARI—BANKING ACT — EMBEZZLEMENT — MAKING FALSE ENTRIES—EVIDENCE.

1. Where a party was charged, before a United States commissioner, with embezzlement of the funds of a national bank, and with having made false entries in its books, and, an examination having been had, was held for trial, and the proceedings were brought before the court for review, by habeas corpus and certiorari: Held, that the court, on such review, will examine the evidence before the commissioner, and will do what he ought to have done.
[Cited in U. S. v. Brawner, 7 Fed. 87.]

2. Evidence showing probable cause to believe that the accused is guilty, is sufficient to warrant his being committed for trial.

3. Evidence of the actual existence of a certain national bank, and of acts done by the accused as president thereof, is sufficient evidence, on such an examination, of the legal incorporation of the bank, and of the connection of the accused with it.

4. The making of false entries by a clerk in the bank, by direction of the accused, constitutes the accused a principal in the offence of making false entries.
[Cited in U. S. v. Fish, 24 Fed. 594.]

5. An intent to defraud the bank is to be inferred from the fact of embezzlement.

6. Where the president of a national bank, charged, as trustee, with the administration of the funds of the bank in his hands, converts them to his own use, he embezzles and abstracts them, within the fifty-fifth section of the act of June 3, 1864 (13 Stat. 116), and the acts amendatory thereof, unless he shows authority for so doing.

[This was an application by Samuel R. Van Campen for a writ of habeas corpus.]

B. K. Phelps, Asst. U. S. Dist. Atty.
C. A. Seward and J. L. Ward, for prisoner.

BLATCHFORD, District Judge. The prisoner was arrested in this district, on a war-

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]